THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS RAFAEL COSME PÉREZ and LEONCIO BECERRIL RÍOS, Defendants and Appellants.

No. CR-70-79. Decided February 1, 1971.

*Julio García Antique, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellants. *Gilberto Gierbolini, Solicitor General,* and *Bienvenido Vélez Coello, Assistant Solicitor General,* for The People.

PER CURIAM: Appellants were convicted of robbery committed in the penitentiary. The former and the prejudiced party were there in the capacity of prisoners. According to the evidence believed by the jury, appellants ambushed and assaulted the prejudiced party in a stairway of the penitentiary, causing several bruises on his face and a puncture wound on his back with a "goad," taking from him a golden Bulova watch and a chain of the same metal.

The evidence for the prosecution consisted of the testimony of the prejudiced party, of the Medical Director of the State Penitentiary Hospital, who took care of the prejudiced party, and of a penal guard. The evidence for the defense consisted of appellants' testimonies.

The so-called "only" error actually contains two assignments. The first one alleges that the prosecuting attorney made it known to the jury that defendants were subsequent offenders. The second one attacks the sufficiency of the evidence.

Defendants accepted the allegation of subsequent offense in the absence of the jury, and the judge ordered the preparation of an information in which there should only appear the offense of robbery for which they were going to be tried and in which said allegation of subsequent offense should not appear, all in compliance with Rule 68 of the Rules of Criminal Procedure.

■ The two aforementioned assignments lack merit. As to the first one, the unavoidable reality is that the facts occurred in the penitentiary and it was almost impossible to present the evidence without the jury becoming acquainted with this truth. Neither the prosecuting attorney nor the witnesses could make believe that the offense was committed

elsewhere. When the prosecuting attorney asked the prejudiced party where he was on the date of the events, the latter answered "in the State Penitentiary." (Tr. Ev. 6.) When he was asked in what place and what were the facts, the prejudiced party answered the following:

"On March 3, at 6:00 p.m. sharp, when the siren blew for all the prisoners to assemble in their dormitories, to withdraw to their dormitories, I went to my dormitory No. 406. When I was going up, entering, after I climbed the stairs, there at the door of the ward, Leoncio Becerril Ríos and Jesús Rafael Cosme García were waiting for me . . . ." (Tr. Ev. 7.)

The attorney for the defense himself, who did not object to the prosecuting attorney's examination, did not avoid the aforesaid reality either. On cross-examining the prejudiced party, he began as follows:

"Q.—Witness, after March 3, 1969, where were you?
A.—In the State Penitentiary.
Q.—What is called *presidio*?
A.—Yes, sir." (Tr. Ev. 30.)

The counsel for the defense also commences the evidence for the defense as follows:

"Q.—Respectfully, with the leave of the court. Witness, your name?
A.—Leoncio Becerril Ríos.
Q.—Where are you at the present time?
A.—State Penitentiary.
Q.—What penalty are you serving?
A.—A sentence, summary." (Tr. Ev. 51.)

In the course of both appellants' testimonies, and likewise during the testimony of the prejudiced party, reference is repeatedly made to the fact that the events occurred in the penitentiary and that the three protagonists of the same were prisoners.

■ As to the second assignment, the evidence is conflicting, since the prejudiced party's version and that of appel-

lants are contradictory. However, the bruises and the "jab", about which the physician testified, cannot be denied. The jury settled the conflict in the evidence and we have no elements of judgment superior to those the jury·had to justify our disturbance of the verdict.

The judgments appealed from will be affirmed.

Mr. Justice Santana Becerra did not participate herein.